UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRIVE LOGISTICS, LTD,

      Plaintiff,                           No. 14-10289

v.                                         District Judge Gerald E. Rosen
                                            Magistrate Judge R. Steven Whalen

PBP LOGISTICS LLC, ET AL.

      Defendants.
_____/

**SUPPLEMENTAL ORDER RE: MOTION TO COMPEL [Dkt. #45]**

On November 25, 2014, I entered an order granting in part and taking under advisement in part Plaintiff's Motion to Compel Discovery [Dkt. #45], pending *in camera* review of certain documents for attorney-client privilege. The specific five documents in question, as enumerated in Defendant Lear Corporation's privilege log, are as follows:

      1 and 2: Correspondence from Wayne Monday to Jennifer Ruf (Lear Paralegal);

      10: Email from Wayne Monday to Lou Minna, with copies to Keith Ford, Willie Richards, and Eric Hefke;

      11: Email from Wayne Monday to Keith Ford, Lou Minna, Willie Richards, and Eric Hefke;

      12: Email from Wayne Monday to Jennifer Hampton and Jennifer Ruf.

In Correspondence to the Court, with a copy to Plaintiff's counsel, Defendant's counsel indicated that items 1 and 2 were inadvertently disclosed to Plaintiff's counsel in unredacted form. Counsel states that "disclosure is relatively harmless so long as counsel for Drive Logistics agrees that any waiver of privilege will be limited to Ms. Ruf's inquiry," and that on that basis, Lear withdraws its designation of items 1 and 2 on its

-1-

privilege log. The Court agrees that limiting the waiver of privilege only as to Ms. Rug's inquiry is appropriate, and will sanction disclosure of items 1 and 2 with that limitation.

In *Reed v. Baxter,* 134 F.3d 351, 355-56 (6th Cir.1999), *cert. denied,* 525 U.S. 820 (1998), the court described the attorney-client privilege as follows: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such*,* (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived."

I have reviewed the redacted portions of items 10, 11, and 12. Defendant Lear claims attorney-client privilege, describing the material as "forwarding advice and analysis of counsel for information on litigation." The redacted portions deal substantively with communications made directly to the paralegal or to others within the corporation with instructions to forward the information to the paralegal. The question is whether communications directed to a paralegal, rather than to an attorney, are privileged. The communications at issue here otherwise fall within the ambit of privileged communications under *Reed*.

In *Hilton-Rorar v. State and Federal Communications Inc.*, 2010 WL 1486916, *4 -5 (N.D.Ohio 2010), the court addressed this issue as follows:

> "The attorney-client privilege protects communications between or among a lawyer and client and their representatives or agents. 8 Wigmore, Evidence (McNaughton Rev.1961), § 2317, at 618 (explaining that '[a] communication ... by *any form of agency* employed or set in motion by the client is within the privilege') (emphasis in original). Law clerks, secretaries, paralegals, file clerks, telephone operators, messengers, clerks not yet admitted to the bar, among other aides, including consulting experts may qualify as an attorney's representative. *See Von Bulow v. Von Bulow,* 811 F.2d 136, 146 (2d Cir.1987) (recognizing that an attorney's effectiveness depends upon his ability to rely upon the assistance of various aides); *see also United States v. Kovel,* 296 F.2d 918, 921-22 (2d Cir.1961) (finding attorney-client privilege extends to communications made to an

attorney's agent for the purpose of ultimately receiving legal advice)."
*See also United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011)(privilege "may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice.").

Thus, communications between employees or officers of Defendant corporation and the paralegal, related to legal advice, are privileged, and the Plaintiff's motion to compel the unredacted production of items 10, 11, and 12 [Doc. #45] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 23, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 23, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager